**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MONICO DOMINGUEZ,
*Defendant-Appellant.*

No. 14-10268

D.C. No.
3:12-cr-00834-EMC-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted July 7, 2016
Submission Vacated July 12, 2016
Argued and Resubmitted December 10, 2019
Pasadena, California

Filed April 7, 2020

Before: Barry G. Silverman and Jacqueline H. Nguyen,
Circuit Judges, and Michael M. Anello,* District Judge.

Opinion by Judge Silverman;
Partial Concurrence and Partial Dissent by Judge Nguyen

---

*The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed a conviction of money laundering (18 U.S.C. § 1957); and affirmed the remainder of the judgment, which included convictions of Hobbs Act robbery (18 U.S.C. §§ 1951(a) and 2), attempt to commit Hobbs Act robbery (18 U.S.C. §§ 1951(a) and 2), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951(a)), and possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)).

The panel held that the evidence was sufficient to support the conviction of attempted Hobbs Act robbery, where the evidence overwhelmingly showed that the defendant had the specific intent to commit the robbery and had taken a "substantial step" toward its completion—arming himself with a handgun and driving to within about a block of a planned robbery with his accomplice, turning around only because he got ensnared in a fake crime scene.

In light of recent Supreme Court cases, the panel reiterated this court's previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A).

The panel held that when a substantive offense is a crime of violence under § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence; and that attempted Hobbs

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Act armed robbery is a crime of violence for purposes of § 924(c) because its commission requires proof of both the specific intent to complete a crime of violence, and a substantial step actually (not theoretically) taken toward its completion. The panel explained that it does not matter that the substantial step is not itself a violent act or even a crime; what matters is that the defendant specifically intended to commit a crime of violence and took a substantial step toward committing it. The panel observed that the definition of "crime of violence" in § 924(c)(3)(A) explicitly includes not just completed crimes, but those felonies that have the "attempted use" of physical force as an element; and that it is impossible to commit attempted Hobbs Act robbery without specifically intending to commit every element of the completed crime, which includes the commission or threat of physical violence.

Because the panel determined that each of the defendant's § 924(c) convictions is supported by a predicate crime of violence—completed and attempted Hobbs Act robbery, respectively—the panel did not reach whether conspiracy to commit Hobbs Act robbery is also a crime of violence under 18 U.S.C. § 924(c)(1)(A).

Concurring in part and dissenting in part from Part V.B of the majority opinion, Judge Nguyen wrote that attempted Hobbs Act robbery plainly does not fit the definition of a crime of violence under the elements clause, § 924(c)(3)(A), because, as the majority acknowledges, attempted Hobbs Act robbery can be committed without any actual use, attempted use, or threatened use of physical force.

**COUNSEL**

Gene D. Vorobyov (argued), Law Office of Gene Vorobyov, San Francisco, California, for Defendant-Appellant.

Vanessa Baehr-Jones (argued) and Susan B. Gray, Assistant United States Attorneys; Barbara J. Valliere, Chief, Appellate Division; Merry Jean Chan, Chief, Appellate Section, Criminal Division; Melinga Haag, United States Attorney; United States Attorney's Office, Oakland, California; for Plaintiff-Appellee.

**OPINION**

SILVERMAN, Circuit Judge:

On August 11, 2011, appellant Monico Dominguez and a man named Milton Fierro robbed the Garda Cash Logistics armored car warehouse in Santa Rosa, California. Wearing masks and armed with an AK-47 rifle and either a 9-millimeter or a .45 caliber handgun, the two men snuck into the Garda warehouse. They pointed their guns at two guards, put them on the ground, tied their hands and feet with rope, and demanded access to the vault. The robbers made off with over $900,000 in cash and two guns belonging to one of the guards.

About a year later, Dominguez approached his friend Kevin Jensen and offered him $100,000 to participate in another Garda robbery, this time of a Garda armored car. When Jensen found out that the FBI was offering a $100,000 reward for information about the previous year's Garda robbery, he contacted the FBI and became a confidential

informant. That's how the FBI was able to thwart the second robbery before it was completed.

On August 6, 2012, Dominguez and Jensen drove toward the Garda warehouse intending to hold up an armored car. This time, Dominguez was armed with a .357 revolver. Tipped off by Jensen, the FBI and local enforcement officers staged a fake crime scene near the warehouse to make it difficult for a vehicle to get close to it. While en route to the warehouse, Dominguez received a phone call, after which Dominguez told Jensen they had to terminate the plan because of the unusual law enforcement activity near the Garda building. Dominguez drove to within about a block or so of the warehouse before turning around. Dominguez was arrested the following day and charged with Hobbs Act robbery of the Garda warehouse in 2011, attempted Hobbs Act robbery of a Garda armored car in 2012, possession of firearms in furtherance of both crimes, conspiracy, money laundering, and structuring transactions.

We hold today that the evidence was sufficient to support Dominguez's conviction of attempted Hobbs Act robbery. The evidence overwhelmingly showed that Dominguez had the specific intent to commit the robbery and had taken a "substantial step" toward its completion − arming himself with a handgun and driving to within about a block of the planned robbery with his accomplice, turning around only because he got ensnared in the fake crime scene.

In light of recent Supreme Court cases, we also reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A). *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993).

And, like the two other circuit courts that have considered the question, we hold that when a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence. *See United States v. Ingram*, 947 F.3d 1021 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017). We agree with the Eleventh Circuit that attempted Hobbs Act armed robbery is a crime of violence for purposes of § 924(c) because its commission requires proof of both the specific intent to complete a crime of violence, and a substantial step actually (not theoretically) taken toward its completion. *St. Hubert*, 909 F.3d at 351. It does not matter that the substantial step—be it donning gloves and a mask before walking into a bank with a gun, or buying legal chemicals with which to make a bomb—is not itself a violent act or even a crime. What matters is that the defendant specifically intended to commit a crime of violence and took a substantial step toward committing it. The definition of "crime of violence" in § 924(c)(3)(A) explicitly includes not just completed crimes, but those felonies that have the "attempted use" of physical force as an element. It is impossible to commit attempted Hobbs Act robbery without specifically intending to commit every element of the completed crime, which includes the commission or threat of physical violence. 18 U.S.C. § 1951. Since Hobbs Act robbery is a crime of violence, it follows that the attempt to commit Hobbs Act robbery is a crime of violence.

## I.  Convictions and Sentence

Following his arrest, Dominguez was charged with eleven counts in connection with the 2011 robbery and the attempted 2012 robbery. The relevant counts are:

Count One: conspiracy to commit the 2011 robbery, in violation of 18 U.S.C. § 1951(a);

Count Two: robbery in violation of 18 U.S.C. §§ 1951(a) and 2;

Count Three: possession of a firearm in furtherance of a crime of violence, namely the 2011 conspiracy (Count One) and robbery (Count Two), in violation of 18 U.S.C. §§ 924(c) and 2;

Count Four: money laundering in violation of 18 U.S.C. § 1957 in the August 30, 2011 cash purchase of a Harley-Davidson motorcycle;

Count Eight: conspiracy to commit the August 6, 2012 robbery, in violation of 18 U.S.C. § 1951(a);

Count Nine: attempted robbery on August 6, 2012, in violation of 18 U.S.C. §§ 1951(a) and 2; and

Count Ten: possession of a firearm in furtherance of a crime of violence, namely the 2012 conspiracy (Count Eight) and the 2012 attempted robbery (Count Nine).[1]

In his closing argument, the prosecutor argued that Dominguez had completed a "substantial step" toward the 2012 attempted robbery, because he turned his car around only in response to law enforcement presence, not because he'd had a change of heart. Dominguez's counsel did not object to the prosecutor's arguments and, in his own closing,

---

[1] Dominguez was indicted on additional money laundering and structuring charges; however, Dominguez doesn't argue any error in those convictions, so we do not reach them.

conceded (with his client's consent) the defendant's guilt of the attempted robbery.

The jury convicted Dominguez of Counts One through Ten in the indictment. The district court imposed a prison sentence totaling 384 months and one day: one day for Counts One, Two, and Four through Nine, to be served concurrently with each other; 84 months for Count Three, Dominguez's first § 924(c) violation, to be served consecutively to that one-day term; and 300 months for Count Ten, Dominguez's second § 924(c) conviction, to be served consecutively to all other sentences imposed.

## II. Standard of Review

We review insufficient evidence claims de novo. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008). Evidence is sufficient to support a conviction if, viewed "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (citation omitted).

We review de novo whether a criminal conviction is a crime of violence under § 924(c)(3). *United States v. Begay*, 934 F.3d 1033, 1037 (9th Cir. 2019). "Where, as here, a party raises an argument for the first time on appeal, we generally review for plain error; however, we are not limited to plain error review when we are presented with a question that is purely one of law and where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *Id.* (citation and internal quotation marks omitted). Here, whether Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery are crimes of violence are pure questions of law, and

the government, which has fully briefed the issue, suffers no prejudice. *See id.* at 1037–38.

We review for plain error Dominguez's claim that the prosecutor misstated the law during closing argument, because Dominguez raises this issue for the first time on appeal. *See, e.g.*, *United States v. Joseph*, 716 F.3d 1273, 1276 (9th Cir. 2013).

## III. *Count Four: Money Laundering (18 U.S.C. § 1957)*

Count Four charged Dominguez with money laundering, in violation of 18 U.S.C. § 1957, for buying a motorcycle that he paid for in cash with money stolen in the robbery. The government concedes, and we agree, that this conviction must be vacated because the government failed to establish an essential element—namely, that the funds at issue passed through a financial institution. *See* 18 U.S.C. § 1957 (defining "monetary transaction" as one "by, through, or to a financial institution"); *United States v. Ness*, 565 F.3d 73, 78 (2d Cir. 2009) ("[I]n order to sustain a § 1957(a) conviction, a financial institution must have been involved."). We reverse Count 4 of Dominguez's conviction.[2]

## IV. *Count Nine: Attempted Hobbs Act Robbery (18 U.S.C. §§ 1951(a) and 2)*

Dominguez next argues that the government's evidence is legally insufficient to establish that he took a "substantial step" toward completion of the August 2012 attempted robbery. Instead, he argues that he never got sufficiently

---

[2] We do not remand for resentencing because Dominguez's one-day sentence for Count Four was to be served concurrently with his one-day sentences on Counts One, Two, and Five through Nine.

close to the intended target because he voluntarily turned around more than a block away from the warehouse.

We may consider Dominguez's substantive argument only if we find that he did not waive it when his counsel, with Dominguez's permission, repeatedly conceded Dominguez's guilt of the attempted robbery. *See, e.g.*, *United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991) (rejecting defendant's sufficiency claim after defendant's counsel made binding admission in closing). For example, in his closing argument, defense counsel told the jury:

> Monico Dominguez, my client, is guilty of Counts Eight and Nine. He is guilty. You can go ahead and fill out the Verdict Form that you're going to get . . . This is not an easy thing to tell you . . . . but my client is authorizing me to do it because there really is no dispute.

Later, counsel told the jury:

> Mr. Dominguez, my client, planned a very, very, very serious criminal act. He's just admitted it to you now. He's telling you to convict him of the August 2012 robbery, Counts Eight and Nine.

Even assuming counsel's statements are not binding admissions, there is more than sufficient evidence in the record to support Dominguez's conviction for attempted robbery. To sustain the conviction, the government must prove that (1) Dominguez had the intent to commit the robbery; and (2) Dominguez "took a substantial step toward" committing that robbery. *United States v. Nelson*, 66 F.3d

1036, 1042 (9th Cir. 1995). First, Dominguez concedes, in his appellate briefing, that the government's evidence of his intent to commit the August 2012 robbery is not subject to reasonable dispute.

Next, "[t]o constitute a substantial step, [Dominguez]'s actions must go beyond mere preparation, and must corroborate strongly the firmness of the [his] criminal intent." *Id.* The government's evidence obviously meets this burden. Dominguez organized the August 6, 2012 attempt, geared up by dressing in dark clothes and body armor, packed weapons, drove toward the targeted warehouse, confirmed the code to the lock on the warehouse where the armored car was to be stored after the robbery, and called off the plan only after being alerted by a co-conspirator of heavy law enforcement presence. These acts clearly manifest Dominguez's specific intent to rob a particular place in a particular manner in the immediate future. *See Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1103 (9th Cir. 2011).

We are not persuaded by Dominguez's argument that he did not take a substantial step toward the robbery because he turned around about a block away from the warehouse. This physical distance, he argues, is greater than the proximity of the would-be robbers in *United States v. Buffington*, 815 F.2d 1292 (9th Cir. 1987), and *United States v. Still*, 850 F.2d 607 (9th Cir. 1988), cases where this court found that the evidence was insufficient to show that defendants had taken a substantial step. The reasoning in those cases, though, was not based on the defendants' physical proximity to the location to be robbed; the analyses instead centered on whether the defendants had progressed far enough that, absent independent circumstances, they would complete the robbery. *See Still*, 850 F.2d at 610 (explaining that the "facts d[id] not establish either actual movement toward the bank

or actions that are analytically similar to such movement"); *Buffington*, 815 F.2d at 1303 (characterizing defendants' conduct as "entirely tentative and unfocused"). Dominguez's actions in, among other things, arming himself, driving toward the warehouse, and turning around only when he knew that there was a large police presence near the warehouse, are sufficient to allow a rational trier of fact to find the substantial step beyond a reasonable doubt. *Nevils*, 598 F.3d at 1164.

Alternatively, Dominguez argues that we should reverse his attempted robbery conviction because the prosecutor misstated the law during his closing argument. Specifically, the prosecutor explained the "substantial step" element to the jury by telling them that:

> [A] "substantial step" means that if Mr. Dominguez had a change of heart, and he went out there, started driving out, and decided, "This is a bad idea. Somebody could get killed. I could get killed. This is a serious crime. I don't want to do this," and decided to turn around and go home, he would not be guilty of that step.

This description, Dominguez now says, improperly overlaps the "substantial step" requirement with Dominguez's intent to commit the robbery, and so we should reverse his conviction. We are not persuaded. Assuming for the purpose of this discussion that the government erred, then any error did not prejudice Dominguez in light of (1) his counsel's *subsequent* admission of Dominguez's guilt; and (2) the sufficiency of the evidence to support the conviction. *See, e.g.*, *Joseph*, 716 F.3d at 1277 (explaining that reversal

on plain error review requires, among other things, finding that the error affected defendant's substantial rights).

There is no plain error in Dominguez's conviction on Count Nine, and we affirm.

## V. *Counts Three and Ten—Possession of a Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924)*

Dominguez argues, in supplemental briefing, that we must reverse his convictions for possession of a firearm in furtherance of a crime of violence, because the Supreme Court has now held that 18 U.S.C. § 924(c)(3)(B), the so-called "residual clause," is unconstitutionally vague, and because none of his predicate crimes qualify as a crime of violence under § 924(c)(3)(A), the so-called "elements" clause.  We disagree.

18 U.S.C. § 924(c)(1)(A) prescribes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime."  In *United States v. Davis*, 139 S.Ct. 2319, 2324 (2019),  the Supreme Court held that  a "crime of violence" is an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  *Id.*, *quoting* 18 U.S.C. § 924(c)(3)(A). "Physical force" is "force capable of causing physical pain or injury," and includes "the amount of force necessary to overcome a victim's resistance." *Stokeling v. United States*, 139 S. Ct. 544, 553−55 (2019), *citing Johnson v. United States*, 559 U.S. 133, 140 (2010)); *see also Ward v. United States*, 936 F.3d 914, 919 (9th Cir. 2019) (explaining that our prior distinction between "substantial" and "minimal" force in the ACCA robbery context is no longer viable after *Stokeling*).

The question then is whether an alleged predicate crime meets the *Johnson* standard and thus qualifies as a crime of violence. *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018). We use the categorical approach to make that determination. *Id.* Under this approach, the sole focus is on the elements of the relevant statutory offense, not on the facts underlying the convictions. *Id.* An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence. *Id.*[3] Where two counts served as predicate offenses for a § 924(c) conviction, the conviction is lawful so long as either offense qualifies as a crime of violence. *See United States v. Gobert*, 943 F.3d 878, 880 n.2 (9th Cir. 2019); *see also Mendez,* 992 F.2d at 1491 ("[W]here a defendant has been convicted under a statute describing crimes of both violence and non-violence, we need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence.'").[4]

Dominguez's predicate crimes were violations of 18 U.S.C. § 1951, which provides, in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or

---

[3] 18 U.S.C. § 1951 is a divisible statute, criminalizing both robbery and extortion, so we apply the modified categorical approach to determine which alternative formed the basis of Dominguez's conviction. *Descamps v. U.S.*, 570 U.S. 254, 257 (2013). The indictment makes clear that the predicate crimes at issue are robbery, attempted robbery, and conspiracy to commit robbery.

[4] We reject Dominguez's argument that we must first analyze whether conspiracy to commit Hobbs Act robbery is a crime of violence.

attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Dominguez's first § 924(c) charge, Count Three of the indictment, charged him with possessing a firearm in furtherance of the 2011 Hobbs Act robbery and/or of conspiracy to commit Hobbs Act robbery. Dominguez's second § 924(c) charge, Count Ten, charged him with possessing a firearm in furtherance of the 2012 attempted Hobbs Act robbery and/or of conspiracy to commit Hobbs Act robbery.

**A. Hobbs Act Robbery (18 U.S.C. § 1951) is a "Crime of Violence"**

We previously held in *Mendez* that Hobbs Act robbery is a crime of violence under the elements clause. *Mendez*, 992 F.2d at 1491 (holding that robbery, as defined in 18 U.S.C. § 1951(b)(1), "indisputably qualifies as a crime of violence," and noting that it contained an "element of 'actual or threatened force, or violence'"); *see also United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. June 24, 2016) (unpublished memorandum).

We are in unanimous company. All of our sister circuits have considered this question too, and have held that Hobbs Act robbery is a crime of violence under the elements clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 106–09 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *In re St. Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016). *See also, e.g., United States v. Robinson*, 844 F.3d 137, 141–44 (3d Cir. 2016).[5]

Dominguez nonetheless argues that Hobbs Act robbery is not a crime of violence under the elements clause because, he says, it may be committed "by placing a victim in fear of injury to some intangible economic interest." Such "threats,"

---

[5] The Third Circuit does not apply the categorical approach in this context, but it has held that specific Hobbs Act robbery convictions qualify as crimes of violence under the elements clause.

he argues, would not require any use, attempted use, or threatened use of violent physical force.

Fear of injury is the least serious way to violate 18 U.S.C. § 1951, and therefore, the species of the crime that we should employ for our categorical analysis. But even Hobbs Act robbery committed by placing a victim in fear of bodily injury is categorically a crime of violence under the elements clause, because it "requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *United States v. Guiterrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) ("A defendant cannot put a reasonable person in fear of bodily harm without threatening to use 'force capable of causing physical pain or injury.'" (citation omitted)); *cf. United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that analogous federal bank robbery statute, which may be violated by "intimidation," qualifies as crime of violence under sentencing guidelines).

We need not analyze whether the same would be true if the target were "intangible economic interests," because Dominguez fails to point to any realistic scenario in which a robber could commit Hobbs Act robbery by placing his victim in fear of injury to an intangible economic interest. *Cf. Gonzales v. Duenas- Alvarez*, 549 U.S. 183, 193 (2007) (explaining that, under the categorical approach, there must be a "realistic possibility" that a state would apply a state statute to conduct that falls outside the generic definition of a federal crime); *Garcia-Ortiz*, 904 F.3d at 107−08. Dominguez's reliance on cases analyzing Hobbs Act *extortion*, or jury instructions generally describing how the statute may be violated, do not "point to . . . cases in which . . . . courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193.

In *Mathis*, the Fourth Circuit rejected this precise argument:

> We also observe that both Section 924(c) and Hobbs Act robbery reference the use of force or threatened use of force against "property" generally, without further defining the term "property." . . . . And neither provision draws any distinction between tangible and intangible property. Thus, we do not discern any basis in the text of either statutory provision for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence.

*Mathis*, 932 F.3d at 266.  We agree with and adopt this reasoning.

Dominguez further argues that Hobbs Act robbery can somehow be "predicated on gross negligence or reckless conduct," and so lacks the necessary *mens rea* to qualify as a crime of violence. Dominguez is wrong. We have previously held that "criminal intent—acting 'knowingly or willingly'—is an implied and necessary element that the government must prove for a Hobbs Act conviction." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (citation omitted).

We reaffirm that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A), and we affirm Dominguez's conviction on Count Three.

## B. Attempted Hobbs Act Robbery is a "Crime of Violence"

Because completed Hobbs Act robbery is a crime of violence under § 924, attempted Hobbs Act robbery is also a crime of violence. In so holding, we agree with the Seventh and Eleventh Circuits that, when a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence. There is no circuit court decision to the contrary. *United States v. Ingram*, 947 F.3d 1021, 1025–26 (7th Cir. 2020) (attempted Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)); *United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018), *petition for cert. filed*, (U.S. July 18, 2019) (No. 19-5267) (analyzing attempted Hobbs Act robbery); *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017), *cert. denied*, 139 S.Ct. 352 (2018) (analyzing Illinois attempted murder; holding that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony.") [6]; *cf. United States v. D.D.B.*, 903 F.3d 684, 689–93 (7th Cir. 2018) (declining to apply *Hill* rule where state law did not require proof of intent for attempt conviction).

The reasons for this are straightforward. 18 U.S.C. § 924(c)(3)(A) explicitly includes as crimes of violence offenses that have as an element the "attempted use" or "threatened use" of force. In order to be guilty of attempt, a

---

[6] The Seventh Circuit analyzed whether attempted murder, in violation of Illinois law, was a violent felony under the Armed Career Criminal Act. We have held that the operative language of 18 U.S.C. § 924(e)(2)(B)(i) is identical to the portion of the elements clause at issue in this case. *See United States v. Fultz*, 923 F.3d 1192, 1194 n. 1 (9th Cir. 2019).

defendant must intend to commit every element of the completed crime. *See*, *e.g.*, *Nelson*, 66 F.3d at 1042 (attempt conviction requires evidence that defendant intended to violate the statute). An attempt to commit a crime should therefore be treated as an attempt to commit every element of that crime. *Hill*, 877 F.3d at 719. "When the intent element of the attempt offense includes intent to commit violence against the person of another, . . . . it makes sense to say that the attempt crime itself includes violence as an element." *Hill*, 877 F.3d at 719.

Not so, argues Dominguez, because the "substantial step" required for an attempt conviction need not be itself violent. Since the elements of attempt are only an intent to commit the crime, along with a substantial step, Dominguez argues that attempt crimes contain no "element" of force. This argument would have us ignore his specific intention to commit a violent crime, as well as common sense. A criminal who specifically intends to use violence, and then takes a substantial step toward that use, has, by definition, attempted a violent crime, albeit an uncompleted one.

Moreover, adopting Dominguez's approach in this case would be plainly inconsistent with our prior determination that "[t]he 'attempt' portion of [a] conviction does not alter our determination that the conviction is a crime of violence. We have 'generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.'" *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016) (quoting *United States v. Riley*, 183 F.3d 1155, 1160 (9th Cir. 1999) (citing cf. 8 U.S.C. § 1101(a)(43)(U) (providing that an aggravated felony includes the attempt to commit the offense)).

We hold that attempted Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A).  We affirm Dominguez's conviction on Count Ten.

## C.  Conspiracy to Commit Hobbs Act Robbery

We do not reach whether Conspiracy to Commit Hobbs Act robbery is also a crime of violence under 18 U.S.C. § 924(c)(1)(A) because we have determined that each of Dominguez's § 924(c) convictions is supported by a predicate crime of violence—completed and attempted Hobbs Act robbery, respectively.[7]

## VI. Conclusion

Dominguez's conviction of money laundering in Count Four is **REVERSED**.  The remainder of the judgment is **AFFIRMED**.

---

[7] In answer to a judge's question at oral argument, government counsel took the position that the mens rea required for attempted crimes and for conspiracy is identical.  Two days later, counsel filed a 28j letter "to clarify" that the intent required for attempts and conspiracy is *not* the same. We acknowledge the good faith of counsel's original answer and are thankful for the clarification.  Although we look to the parties for help in determining the controlling law, we are not bound by the parties' analyses, stipulations, or purported concessions. The law, as the saying goes, is what it is.

NGUYEN, Circuit Judge, concurring in part and dissenting in part:

A Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)—the "elements" clause—because it's a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." But the same isn't true for an *attempted* Hobbs Act robbery.

The categorical approach requires us to focus on the "least serious form" of criminal conduct necessary for a conviction. *United States v. Gobert*, 943 F.3d 878, 881 (9th Cir. 2019). Only "[i]f the least of the acts criminalized by [a given crime] would be a crime of violence under § 924(c)(3)(A) . . . is [the crime] categorically a crime of violence under the elements clause." *United States v. Fultz*, 923 F.3d 1192, 1194–95 (9th Cir. 2019). Here, as the majority acknowledges, an attempted Hobbs Act robbery can be committed without any actual use, attempted use, or threatened use of physical force. Maj. Op. 6. Therefore, it plainly does not fit the definition of a crime of violence under the elements clause. Yet in a leap of logic, the majority nevertheless holds that "when a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence." *Id.* at 6.

I respectfully dissent from Part V.B of the majority opinion.

**I.**

**A.**

To determine "whether a particular conviction satisfies the specified elements of a sentence-enhancement provision," we apply the categorical approach. *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006). We "do not examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense." *Id.* (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc)). "The defendant's crime cannot categorically be a 'crime of violence' if the statute of conviction punishes any conduct not encompassed by the statutory definition of a 'crime of violence.'" *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016) (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). Thus, a crime is categorically a crime of violence only "[i]f the least of the acts criminalized by [that crime] would be a crime of violence under § 924(c)(3)(A)." *Fultz*, 923 F.3d at 1194–95.

Here, Monico Dominguez was convicted in Count Ten of violating 18 U.S.C. § 924(c), possessing a firearm in furtherance of a crime of violence, namely, an attempted Hobbs Act robbery as charged in Count Nine. A "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1]  18 U.S.C. § 924(c)(3)(A).

---

[1] The degree of "physical force" must be "violent," defined as "force capable of causing physical pain or injury.'" *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (quoting *Johnson v. United States*,

Attempted Hobbs Act robbery has two elements: (1) intending to commit a Hobbs Act robbery; and (2) taking a substantial step toward completing that crime. *United States v. Soto-Barraza*, 947 F.3d 1111, 1120 (9th Cir. 2020).

Attempted Hobbs Act robbery is not a crime of violence because a substantial step toward completing a Hobbs Act robbery need not involve the use, attempted use, or threatened use of physical force. Compare three examples:

1. A man stops an armored vehicle and shoots and injures the driver. But the driver escapes with the money.

2. A man intercepts an armored vehicle by standing in front of it with his gun pointed at the driver. He pulls the trigger, intending to strike and injure the driver, but the gun jams. The driver escapes with the money.

3. A man plans a robbery, buys the necessary gear, and drives toward the target, but returns home after seeing police in the vicinity.

Each scenario describes an attempted Hobbs Act robbery. In (1), the man uses physical force. In (2), the man attempts to use physical force. In (3), the man does not use, attempt to use, or threaten to use physical force, even though he *intended* to commit a robbery and took a substantial step

---

559 U.S. 133, 140 (2010)). "Physical" force is "[f]orce consisting in a physical act"—as distinguished from "intellectual force or emotional force." *Johnson*, 559 U.S. at 138–39.

toward committing it.[2]  This last scenario—a possible "least serious form" of attempted Hobbs Act robbery—shows that an attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause.

## B.

Nowhere in its opinion does the majority apply the categorical approach to attempted Hobbs Act robbery. Rather, the majority's bare-bones analysis consists of several correct-but-irrelevant statements intermixed with illogical conclusions.  The majority begins by pointing out that § 924(c)(3)(A), the elements clause, "includes as crimes of violence offenses that have as an element the 'attempted use' or 'threatened use' of force."  Maj. Op. 19.  This is definitionally correct.  The majority then notes that, "[i]n order to be guilty of attempt, a defendant must intend to commit every element of the completed crime."  *Id.* at 19–20.  Again, a correct statement of law.  But the majority then veers off track by concluding that "[a]n attempt to commit a crime should therefore be treated as an attempt to commit every element of that crime."  *Id.* at 20.  That conclusion doesn't follow as a matter of law or logic.  There's no legal basis to conclude from an attempt conviction that the defendant attempted to commit every element of the underlying crime.  And there's a logical gap: the majority conflates *attempt* and *intent*.  Only by substituting

---

[2] We have already held that similarly aborted non-violent conduct constituted a substantial step toward committing robbery.  *See United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990) (affirming conviction for attempted bank robbery where defendant "was walking toward the bank, wearing a ski mask, and carrying gloves, pillowcases, and a concealed, loaded gun").

"intended" for "attempted" does the majority's analysis make sense.

Perhaps the majority's disconnect stems from § 924(c)(3)(A)'s use of the word "attempted." At a glance, the "attempted use . . . of physical force" might appear to be synonymous with the *intended* use of physical force. Under this reading, all crimes in which a defendant intends to use physical force would qualify as crimes of violence. But that isn't what § 924(c)(3)(A) plainly says or means. An "attempted use . . . of physical force" under § 924(c)(3)(A) refers to a defendant's physical act of trying (but failing) to use violent physical force. *Attempted*, Merriam-Webster Dictionary, https://www.merriam-webster.com/ dictionary/attempted (defining "attempted" as "having been tried without success"). Further, the other two qualifying elements—*using* and *threatening to use* physical force— obviously refer to acts. *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) (explaining, under the principle of *noscitur a sociis*, that terms must "be interpreted within the context of the accompanying words"). Even the majority recognizes, in its *completed* Hobbs Act robbery analysis, that the categorical approach requires us to compare the range of acts that the Hobbs Act criminalizes with the acts that render a crime violent under § 924(c)(3)(A). *See* Maj. Op. 17 (explaining that "[f]ear of injury is the least serious way to violate 18 U.S.C. § 1951, and therefore, the species of the crime that we should employ for our categorical analysis").

The majority then leaps to the conclusion that "[w]hen the intent element of the attempt offense includes intent to commit violence against the person of another, . . . it makes sense to say that the attempt crime itself includes violence as an element." *Id.* at 20. But that's not a correct statement of

the law: attempted Hobbs Act robbery does not in fact "include[] violence as an element." *Id.* at 20. As the majority concedes elsewhere in its opinion, attempted Hobbs Act robbery can be completed without any threatened use or attempted use of force. *Id.* at 6. The majority's analysis therefore impermissibly bootstraps a defendant's *intent* to commit a violent crime into categorizing all *attempts* of crimes of violence as violent crimes themselves. And it casts aside the categorical approach, which requires us to compare the *acts* proscribed by an underlying crime to the violent *acts* enumerated in § 924(c)(3)(A). *See Fultz*, 923 F.3d at 1194 (framing the inquiry as "whether the [enhancement] conviction could stand if it rested upon the 'least of the acts criminalized'" (citation omitted)); *Benally*, 843 F.3d at 352 (explaining that a crime can't be a crime of violence if it "punishes any conduct not encompassed by the statutory definition" of a crime of violence).

The majority declares that a contrary analysis "would have us ignore [Dominguez's] specific intention to commit a violent crime." Maj. Op. 20. True, Dominguez's attempt conviction means that he specifically intended to commit a violent crime. But that's not relevant under the categorical approach. A crime of violence is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Nowhere in this definition is there an element of "intent to commit a violent crime."

And it's also irrelevant that "[a] criminal who specifically intends to use violence, and then takes a substantial step toward that use, has, by definition, attempted a violent crime, albeit an uncompleted one." Maj. Op. 20. The question is not whether a defendant attempts a violent

crime but whether the crime of attempt itself qualifies as a crime of violence.

The majority doesn't address whether *conspiracy* to commit Hobbs Act robbery also is a crime of violence. Had it done so, it would've faced a dilemma: the government concedes that conspiracy to commit Hobbs Act robbery is not a crime of violence,[3] but the intent requirement for conspiracy is the same as for attempt. *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) (holding that the elements of a conspiracy are "(1) an agreement to accomplish an illegal objective, and (2) the *intent to commit the underlying offense*" (emphasis added) (citation omitted)). If conspiracy and attempt have the same intent requirement, how, under the majority's approach, could the result be different? The majority doesn't say.[4]

## C.

I recognize that the Seventh and Eleventh Circuits have held that attempted Hobbs Act robbery is a crime of violence

---

[3] The government is correct. Conspiracy to commit Hobbs Act robbery requires that: "(1) two or more people agreed to commit a robbery . . . ; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant voluntarily participated in trying to accomplish the conspiratorial goal." *United States v. Si*, 343 F.3d 1116, 1123–24 (9th Cir. 2003). Merely *agreeing to participate* in a robbery is obviously less likely to involve the use, attempted use, or threatened use of physical force than a *substantial step toward committing* the robbery. *See United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019).

[4] The majority suggests that *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016), and *United States v. Riley*, 183 F.3d 1155, 1160 (9th Cir. 1999), stand in the way of my analysis. But nothing in those cases binds us here, especially given that they describe only a "general[]" approach. *Riley*, 183 F.3d at 1160.

under the elements clause. Unfortunately, their opinions suffer from the same flaws as the majority's.

In *United States v. Ingram*, 947 F.3d 1021 (7th Cir. 2020), the Seventh Circuit, like the majority here, failed to apply the categorical analysis. The court relied heavily on its conclusion in a prior case, *Hill v. United States*, that "'[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony' so long as the attempt offense 'requires proof of intent to commit all elements of the completed crime.'" *Id.* at 1026 (quoting *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017)). From there, the court reasoned that because the elements clauses of "§ 924(e) and § 924(c) use almost identical language," *Hill*'s ruling should be extended to § 924(c). *Id.*

Like the majority, the Seventh Circuit viewed the "attempt[]" in § 924(c)(3)(A) as a stand-in for *intent*. That analysis not only misinterpreted the statute but also flouted the categorical approach. By focusing only on a defendant's *intent* while attempting Hobbs Act robbery, the court failed to consider the "least serious form" of attempted Hobbs Act robbery.

The Eleventh Circuit took an overlapping but distinct approach. *See United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018). It explained that "attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes '*attempted* use' of force." *Id.* at 351 (emphasis in original). The implication is that § 924(c)(3)(A)'s use of "attempted" means that attempts are crimes of violence. But this wrongly equates the "attempted use . . . of physical force" language from § 924(c)(3)(A) with the crime of "attempt[ed]" Hobbs Act robbery from

§ 1951(a). It would be nonsensical for § 924(c)(3)(A) to refer to the *crime* of attempt as an *element* of a crime of violence.

The Eleventh Circuit also observed that § 924(c)(3)(A) "equates the use of force with attempted force, and thus the text . . . makes clear that actual force need not be used for a crime to qualify" as a violent crime. *Id.* at 352. True, but that's beside the point; a crime of violence must have as an element the *attempted use* of physical force, which is entirely different from one's *intent* to use physical force.

Like the majority, the Eleventh Circuit did "recognize" that a substantial step toward Hobbs Act robbery need not involve a violent act. *Id.* at 352–53 (imagining "a robber could plan the robbery and travel with a gun to the location of the robbery but be caught before entering the store"). It dismissed the relevance of the scenario, reasoning that "the robber has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed." *Id.* at 353. That's simply wrong. The robber would have *attempted* to commit a violent crime because he *intended* to use force and he took a substantial step toward committing a robbery—*not* because he *attempted to use physical force*.

As Judge Pryor persuasively explained in a dissent from denial of rehearing en banc, "*[i]ntending* to commit each element of a crime involving the use of force simply is not the same as *attempting* to commit each element of that crime. By the alchemy of transmuting intent to commit each element into attempt to commit each element, the panel conjured the conclusion that anyone convicted of an attempt to commit a crime involving force must have been found beyond a reasonable doubt to have attempted to use force." *United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir.

2019) (Pryor, J., dissenting from denial of rehearing en banc). And she noted that the court's own example proved that "an individual's conduct may satisfy all the elements of an attempt to commit an elements-clause offense without anything more than intent to use elements-clause force and some act (in furtherance of the intended offense) that does not involve the use, attempted use, or threatened use of such force." *Id.*

No other circuit has tackled this issue. But the Fourth Circuit's holding that *conspiracy* to commit Hobbs Act robbery is not a crime of violence is relevant. *See Simms*, 914 F.3d at 233–34. The court explained that, in order to "convict a defendant of [conspiracy to commit Hobbs Act robbery], the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act." *Id.* "Such an agreement," reasoned the court, "does not invariably require the actual, attempted, or threatened use of physical force." *Id.* at 234. This reasoning applies with equal force to the crime of attempted Hobbs Act robbery. Comparing the *act element* of an attempt—a substantial step—with the *qualifying act elements* of a crime of violence leads to only one conclusion. Attempted Hobbs Act robbery does not qualify as a crime of violence.

## II.

Whatever intuitive appeal the majority's position may have, the categorical approach compels the conclusion that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A). I therefore dissent from the majority's holding that attempted Hobbs Act robbery is a crime of violence, and I would reverse the conviction on Count Ten. I otherwise join in the majority opinion.