**NOT FOR PUBLICATION**

**FILED**

## UNITED STATES COURT OF APPEALS

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10449 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00279-JAD-PAL-1 |
| v. | |
| JOSHUA SADAT WASHINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 10, 2020[**]
San Francisco, California

Before:  CHRISTEN and OWENS, Circuit Judges, and BATAILLON,[***] District Judge.

Joshua Washington appeals from his convictions and sentence for Hobbs

Act robbery under 18 U.S.C. § 1951 and brandishing a firearm during a crime of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

violence under 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

1.      Washington appeals from the district court's denial of his "Motion Requesting a Judgment Notwithstanding the Verdict—for a New Trial," which the district court construed as a motion for a judgment of acquittal and for a new trial under Fed. R. Civ. P. 29 and 33. We review a district court's ruling on a motion for a new trial for abuse of discretion. *Flores v. City of Westminster*, 873 F.3d 739, 755–56 (9th Cir. 2017).

The district court did not abuse its discretion when it denied Washington's motion because he presented no facts that justified suppressing the evidence against him. Searches by a private individual are not subject to constitutional restrictions. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). While the Fourth Amendment does apply if the government knows of and acquiesces to a search and the private individual performs the search to assist law enforcement, *United States v. Reed*, 15 F.3d 928, 930–31 (9th Cir. 1994), Washington did not meet his burden of showing that the evidence established the government executed this search.

Although a UPS employee in Las Vegas testified that law enforcement asked

---

[1]      On August 5, 2020, we received Washington's pro se motion (Dkt. No. 65). Because Washington is represented by counsel, only counsel may file motions, and this court therefore declines to entertain the submission.

her about the package a day before the search, this testimony was contradicted by "overwhelming, credible evidence" at the suppression hearing and at trial, which showed that Washington's involvement in the robbery became known to law enforcement only after UPS independently searched the package. The district court did not abuse its discretion when it credited this overwhelming evidence over the word of one witness. *See OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1015 (9th Cir. 2018) ("[C]redibility of the witnesses and the weight of the evidence are issues for the jury and are generally not subject to appellate review.").

Washington points to inconsistent testimony regarding law enforcement's search of his storage locker as proof that law enforcement knew about the package before UPS searched it. However, the record shows that law enforcement did not contact the storage facility until after UPS searched the package. None of the testimony at trial indicated otherwise. While one witness may have offered inconsistent testimony about exactly when and how the facility cooperated with law enforcement, even that inconsistent testimony did not rebut the district court's prior finding that UPS searched the package in Miami without law enforcement's knowledge or participation.

2. 18 U.S.C. § 924(c) imposes heightened criminal penalties for brandishing a firearm "during and in relation to any crime of violence." 18 U.S.C.

§ 924(c)(1)(A). Washington argues that § 924(c) does not apply because Hobbs Act robbery does not categorically qualify as a crime of violence. We review de novo. *United States v. Dominguez*, 954 F.3d 1251, 1256 (9th Cir. 2020).

After Washington filed his appeal, we decided *Dominguez*, which held that Hobbs Act robbery remains a crime of violence under § 924(c). *Id.* at 1260–61. This panel is bound by *Dominguez*, and therefore Washington's challenge to his conviction fails.

**AFFIRMED**.