NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50258 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03424-LAB-3 |
| v. | |
| JOSE POLICARIPIO HERNANDEZ, AKA Chapo, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50259 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04217-LAB-2 |
| v. | |
| JOSE POLICARIPIO HERNANDEZ, AKA Chapo, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 10, 2020[**]
Pasadena, California

Before: WATFORD, THAPAR,[***] and COLLINS, Circuit Judges.

Jose Hernandez challenges his conviction, following a jury trial, for possession of a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c). He also challenges his sentence of 360 months, which was imposed in a consolidated sentencing hearing for both the case including the § 924(c) conviction and a separate case in which Hernandez pleaded guilty to a drug conspiracy charge. We affirm both the conviction and the sentence.

**1.** The district court did not err in instructing the jury that attempted Hobbs Act robbery is a crime of violence. This court held earlier this year that attempted Hobbs Act robbery is a crime of violence under the elements clause, § 924(c)(3)(A). *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020). We need not decide whether a conviction for attempted Hobbs Act robbery under a *Pinkerton* theory of liability would alter this conclusion because Hernandez has no plausible claim he was convicted under a *Pinkerton* theory. Although *Pinkerton* had been mentioned in the Hobbs Act charge in the indictment, the government did

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

not argue this theory of liability at trial, and the district court did not instruct the jury on a *Pinkerton* theory.

2.  Though the district court erred in declining to group Hernandez's convictions for sentencing, *see* U.S.S.G. § 3D1.1, that error was harmless. *See United States v. Perez*, 962 F.3d 420, 450–51 (9th Cir. 2020).  The parties agree the district court would have calculated the same offense level and guidelines range had it grouped the cases and followed the procedures provided in Sentencing Guidelines §§ 3D1.1–1.5 and § 5G1.2.  Hernandez's theory that the district court might have granted him a downward variance from the guidelines range had it realized that running the sentences for the other counts concurrently was mandatory is too speculative to warrant a remand.  Grouping the cases would have resulted in the same offense level and guidelines range, and the district court stated that a decision to group the cases "would not make a difference" in the sentence imposed.  We therefore conclude there is no evidence that correction of the error would result in a shorter sentence for the defendant and the error was harmless. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).

**AFFIRMED.**