**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 20-3217 |
| | (D.C. No. 6:20-CV-01185-JTM) |
| PHOUC H. NGUYEN, | (D. Kan.) |
| Defendant - Appellant. | |

_____

**ORDER**

_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

This case arises from Mr. Phouc Nguyen's convictions on charges including Hobbs Act robbery and carrying a firearm in connection with a crime of violence. *See* 18 U.S.C. § 924(c)(1).[1]

In 2016, Mr. Nguyen moved under 28 U.S.C. § 2255 to vacate the conviction for carrying a firearm in connection with a crime of violence, arguing that Hobbs Act robbery did not constitute a crime of violence. The district court denied the motion and our court affirmed, classifying Hobbs

---

[1]     Mr. Nguyen was also convicted of aiding and abetting Hobbs Act robbery, causing the death of a person through the use of a firearm, and aiding and abetting the killing of a person.

Act robbery as a crime of violence. *United States v. Nguyen*, 744 F. App'x 550 (10th Cir. 2018) (unpublished).

In 2020, Mr. Nguyen filed a second § 2255 motion, arguing again that Hobbs Act robbery does not constitute a crime of violence.[2] But the district court again denied Mr. Nguyen's § 2255 motion, and Mr. Nguyen wants to appeal.

**1.  Standard for a Certificate of Appealability**

In order to appeal, Mr. Nguyen needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To obtain this certificate, Mr. Nguyen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Nguyen would meet this standard only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In a § 2255 appeal, this court "review[s] the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (quoting *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011)).

---

[2]     Our court authorized the filing of a second § 2255 motion.

**2.    Mr. Nguyen's Argument for a Certificate of Appealability**

Mr. Nguyen argues that Hobbs Act robbery does not constitute a crime of violence under 18 U.S.C. § 924(c)(3). He bases this argument on the Supreme Court's recent opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019). In our view, however, any reasonable jurist would reject this argument because Hobbs Act robbery clearly satisfies the elements clause in § 924(c)(3)(A).

In *Davis*, the Court held that the section's residual clause (§ 924(c)(3)(B)) is unconstitutionally vague. *Id.* at 2336. But the Supreme Court did not invalidate the elements clause (§ 924(c)(3)(A)), which classifies offenses as crimes of violence when an element involves the use, attempted use, or threat of physical force as crimes of violence.

In Mr. Nguyen's case, the district court invoked the elements clause, not the residual clause, stating that "Hobbs Act robbery (as opposed to mere conspiracy) is a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A)." *United States v. Nguyen*, No. 94-10129-JTM, 2020 WL 4785427, at *1 (D. Kan. Aug. 18, 2020) (quoting *United States v. Toles*, No. 99-10086-02-JTM, 2020 WL 1536588, at *1 (D. Kan. Mar. 31, 2020)). This conclusion is unassailable.

In 2018, this Court followed the same reasoning and affirmed the denial of Mr. Nguyen's § 2255 motion. We explained that our court had "recently held that the force element of a Hobbs Act robbery '[could] only

3

be satisfied by violent force,' and, therefore, Hobbs Act robbery *is* categorically a crime of violence under the elements clause of § 924(c)(3)(A)." *United States v. Nguyen*, 744 F. App'x 550, 552 (10th Cir. 2018) (unpublished) (quoting *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065 (10th Cir. 2018)).[3] Because Mr. Nguyen was convicted of a crime of violence under the elements clause, the Supreme Court's invalidation of the residual clause does not help him. So Mr. Nguyen's argument is not reasonably debatable.

## 3. Dismissal is required.

Because Mr. Nguyen's argument is not reasonably debatable, we decline to issue a certificate of appealability. Given the absence of a certificate, we dismiss the matter.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[3] Mr. Nguyen also points to case law from other circuits. But every circuit to consider the question has agreed that Hobbs Act robbery categorically constitutes a crime of violence under the elements clause. *See, e.g.*, *United States v. Walker*, 990 F.3d 316, 326 (3d Cir. 2021); *United States v. Dominguez*, 954 F.3d 1251, 1260 (9th Cir. 2020) (collecting cases).