NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-16063 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01396-KJD |
| v. | 2:14-cr-00344-KJD-PAL-2 |
| LEONARD JONES, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 14, 2021[**]
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and MORRIS,[***] District Judge.

Federal prisoner Leonard Jones appeals from the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

Jones challenges his conviction and sentence under 18 U.S.C. § 924(c)(1)(A) for discharging a firearm during and in relation to a crime of violence. Jones's contention that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed. *See United States v. Dominguez*, 954 F.3d 1251, 1260−61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)). Jones asserts that *Dominguez* was wrongly decided, but as a three-judge panel, we are bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

For the first time on appeal, Jones claims that his § 924 conviction was predicated on aiding and abetting Hobbs Act robbery, and Jones argues that that offense does not qualify as a crime of violence for purposes of § 924(c). Even assuming that Jones did not forfeit this argument by failing to raise it in the district court, *see In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014), the argument fails on the merits. *See United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir. 2021) (aiding and abetting armed bank robbery is a crime of violence under § 924(c)).

**AFFIRMED**.