**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-16369 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-03400-JSW |
| v. | 4:96-cr-00094-JSW-1 |
| JOHN THAT LUONG, AKA Cuong Quoc Dao, AKA John Dao, AKA Duong, AKA Johnny, AKA That Luong, AKA Ah Sing, AKA Ah Sinh, AKA Thang, AKA Thanh, AKA Tony, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 18, 2022**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEE and BRESS, Circuit Judges, and FITZWATER,*** District Judge.

John That Luong ("Luong") appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 18 U.S.C. § 924(c) convictions and sentences. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a § 2255 motion, and we review the district court's factual findings for clear error. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000).

1. Luong contends that his § 924(c) convictions must be vacated because they are predicated on the underlying crime of violence of conspiracy to commit Hobbs Act robbery, which the government acknowledges is an invalid predicate offense after *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] But it is apparent from

---

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] The government acknowledges that conspiracy to commit Hobbs Act robbery is not a crime of violence:

> Conversely, the government acknowledges that conspiracy to commit Hobbs Act robbery would not categorically qualify as a crime of violence under the elements or force clause of Section 924(c), because it requires proof of only an agreement to commit the offense, not the actual use, attempted use, or threatened use of physical force.

the record that Luong's § 924(c) convictions are based on Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. And the fact that his § 924(c) convictions were obtained based on a *Pinkerton* theory of liability does not change the fact that his Hobbs Act robbery convictions are valid predicate crimes of violence. *See United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir. 2021) ("*Davis* does not conflict with or undermine the cases upholding § 924(c) convictions based on *Pinkerton* liability."); *United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)).

2.      Luong has also briefed the uncertified issue of whether Hobbs Act robbery, committed as a principal, is a valid predicate crime of violence for a § 924(c) conviction after *Davis*. Construing this argument as a motion to expand the COA, *see* Ninth Cir. R. 22-1(e); *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012), we deny the motion, because Luong has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Dominguez*, 954 F.3d at 1260-61.

Because Hobbs Act robbery is a crime of violence, regardless of whether Luong's § 924(c) convictions were obtained based on a *Pinkerton* theory of liability, we affirm the district court's denial of Luong's § 2255 motion.[2]

---

[2] We therefore have no need to reach the government's argument that Luong procedurally defaulted his claims.

**AFFIRMED**.