**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10357 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:17-cr-00077-YGR-1 |
| ARCHIE NED WILLIAMS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 2, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Archie Ned Williams challenges his guilty plea conviction and sentence for

conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), Hobbs Act

robbery, *id.*, and brandishing a firearm during and in relation to a crime of

violence, 18 U.S.C. § 924(c)(1)(A)(ii).  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. Williams agreed to an appeal waiver, so we consider if an exception to the waiver applies. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). Because Williams's conviction and sentence were lawful and there was no plain error under Federal Rule of Criminal Procedure 11, we enforce the appeal waiver and dismiss this appeal.

1. The district court did not commit a "plain" Rule 11 error during the plea colloquy for the Hobbs Act robbery counts. *See United States v. Vonn*, 535 U.S. 55, 61-62 (2002) (reviewing for plain error issue not raised before district court). The district court restated the elements of the offense set forth in the plea agreement, which in turn mirrored the Ninth Circuit Model Criminal Jury Instructions operative when the agreement was signed. Reliance on these instructions is not "plain" error. *United States v. Soto-Barraza*, 947 F.3d 1111, 1119 n.6 (9th Cir. 2020). Even if the instructions, and thus the plea agreement, mistakenly implied that Hobbs Act robbery can be committed by non-violent pressure inducing an individual to part with property, that mistake did not affect Williams's "substantial rights." *United States v. Rusnak*, 981 F.3d 697, 708 (9th Cir. 2020). Williams's factual proffer went beyond nonviolent pressure; he admitted he or his coconspirator pointed a gun at a cashier. Thus, any purported error was harmless. Finally, Williams's contention that the district judge premised

his § 924(c) conviction on the conspiracy count lacks support in the record.[1]

2.     Williams also challenges as unlawful his conviction and sentence under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during and in relation to a crime of violence. His argument that his substantive Hobbs Act robbery conviction under one or more theories is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed. *United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020). The result is the same whether Williams's Hobbs Act robbery conviction was pursuant to an aiding and abetting or vicarious co-conspirator theory of liability. *United States v. Henry*, 2021 WL 46204, at *7-9 (9th Cir. Jan. 6, 2021) (observing the Ninth Circuit has repeatedly upheld § 924(c) convictions premised on accomplice liability).

**DISMISSED.**

---

[1] The plea agreement and plea colloquy unequivocally designate as the § 924(c) predicate "robbery affecting interstate commerce as charged in Count Two." Count Two was not for conspiracy. The indictment similarly describes the § 924(c) predicate as "Robbery Affecting Interstate Commerce," without any reference to conspiracy to commit the same. Finally, the elements under the § 924(c) charge in the plea agreement and plea colloquy are clear that the predicate crime of violence is substantive Hobbs Act robbery, committed by either Williams or a coconspirator.