**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16166 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01453-JAD |
| v. | 2:12-cr-00132-JAD- |
| | CWH-3 |
| MICHAEL HALL, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted April 13, 2021
San Francisco, California

Before: McKEOWN, RAWLINSON, and BADE, Circuit Judges.

Michael Hall (Hall) appeals the district court's order denying his motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255).

Hall contends that the district court erred in holding that his conviction for robbery

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

in violation of the Hobbs Act was a crime of violence under 18 U.S.C. § 924(c).[1]

Contrary to the government's assertions, Hall's challenge to his sentence is not barred by the collateral attack waiver in his plea agreement or his unconditional guilty plea. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (concluding that a waiver of appeal rights does "not apply if a defendant's sentence is illegal") (citations and internal quotation marks omitted). The government waived its procedural default argument by failing to raise it in the district court. *See United States v. Swisher*, 811 F.3d 299, 307 (9th Cir. 2016) (en banc) (explaining that "[a]lthough federal prisoners are generally barred from raising claims on collateral review that they could have raised on direct appeal, the government can waive a procedural default defense by failing to raise it") (citations omitted).[2] Because there are no jurisdictional or procedural impediments to our review, we have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm the district court's denial of Hall's § 2255 motion.

Hall's assertion that Hobbs Act robbery is not a crime of violence under 18

---

[1] Hall also maintained that 18 U.S.C. § 924(c)(3)(B) (the residual clause) was invalidated by *Johnson v. United States*, 576 U.S. 591 (2015). The government has conceded that the residual clause is no longer valid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).

[2] The government abandoned its contention that Hall failed to timely file his § 2255 motion.

U.S.C. § 924(c)(3)(A) is foreclosed by our precedent. *See United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020) (affirming that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)").[3]

Hall's contention that aiding and abetting Hobbs Act robbery is not a crime of violence is also unavailing. "Aiding and abetting is not a separate offense; it is simply one means of committing the underlying crime." *Ortega-Lopez v. Barr*, 978 F.3d 680, 687 n.9 (9th Cir. 2020) (citation and internal quotation marks omitted). Because Hobbs Act robbery is a crime of violence, *see Dominguez*, 954 F.3d at 1260-61, "[a] person who aids or abets [Hobbs Act robbery] falls, like a principal, within the scope of the generic definition of the underlying offense." *Ortega-Lopez*, 978 F.3d at 687 n.9 (citation and internal quotation marks omitted). Thus, Hall's "aiding and abetting liability does not alter the categorical approach analysis," and he was properly sentenced under 18 U.S.C. § 924(c)(1)(A)(ii) for committing a crime of violence. *Id.*; *see also United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir. 2021) (stating that we have "repeatedly upheld § 924(c)

_____

[3] Hall contends that *Dominguez* was wrongly decided, and that it contravenes *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), *abrogated on other grounds by United States v. Stitt*, 139 S. Ct. 399, 407 (2018), and *Descamps v. United States*, 570 U.S. 254 (2013). However,"[o]ur circuit's published opinions on the law are authoritative once issued and remain binding on subsequent panels of this court." *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1121 (9th Cir. 2020) (citation omitted).

convictions based on accomplice liability," and recognizing that "the First, Third, Sixth, Tenth, and Eleventh Circuits have all held that aiding and abetting Hobbs Act robbery . . . is a crime of violence under § 924(c)(3)(A)") (citations omitted).[4]

**AFFIRMED.**

---

[4] The parties disagree whether Hall waived the issue of whether aiding and abetting Hobbs Act robbery is a crime of violence. We exercise our discretion to address this question of law. *See Dominguez*, 954 F.3d at 1256 (concluding that "whether Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery are crimes of violence are pure questions of law, and the government, which . . . fully briefed the issue, suffer[ed] no prejudice") (citation omitted); *see also Community House, Inc. v. City of Boise*, 623 F.3d 945, 968 (9th Cir. 2010) (explaining that "we may exercise our discretion to consider an issue first raised on appeal if it is a pure question of law and the record is sufficient to review the issue") (citation and internal quotation marks omitted).