In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-2408

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JYSHAWN JACKSON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:19-cr-20067-MMM-EIL-1 — **Michael M. Mihm**, *Judge.*

_____

ARGUED FEBRUARY 18, 2021 — DECIDED JULY 14, 2021

_____

Before BRENNAN, SCUDDER, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Jyshawn Jackson, together with
Marnetta Walker, sold drugs on six occasions to a confidential
source ("CS") during a two-month span in 2019. This appeal
concerns only the last sale, for which Jackson was indicted on
one count of distributing 28 grams or more of crack cocaine.
That sale occurred in two steps, but that was not how the sale
was originally structured—Jackson, through Walker, had
agreed to sell 35 grams of crack cocaine to the CS for $1,800.

But when the CS arrived with Walker to the location for the buy, Jackson handed over only 24.92 grams of crack cocaine. After some handwringing about the shorted amount, the CS paid Jackson $1,500, and Jackson said that he would retrieve and provide the CS the full amount discussed previously. Jackson then traveled to a nearby town to get more crack cocaine before again meeting the CS and Walker at a location one mile from the original meet-up. Once there, Jackson exchanged 6.28 grams of crack cocaine for the remaining $300. At trial, a jury found Jackson guilty of distributing more than 28 grams of crack cocaine.

Jackson argues that the district court erred when it denied his motion for acquittal under Federal Rule of Criminal Procedure 29 because the government's evidence showed that the sale involved two transactions, not one, each amounting to less than 28 grams of crack cocaine. He also asserts that the district court should have given a lesser-included-offense instruction to allow the jury to find Jackson distributed less than 28 grams of crack cocaine. We disagree and, for the reasons below, affirm Jackson's conviction.

I

A

The drug sale at issue began on August 12, 2019, when a Drug Enforcement Administration CS contacted Marnetta Walker, the middleman for Jyshawn Jackson's drug dealing operations. The CS asked to buy 35 grams of crack cocaine from Jackson, specifying to Walker that the crack cocaine should be divided into two bags, one with 28 grams and the other with 7 grams. Walker agreed to facilitate the sale, which was to take place on August 15, 2019, for $1,800.

The drug transaction on August 15 began when the CS called Walker at 10:42 a.m. Walker then called Jackson. Around that time, the federal agents with whom the CS worked provided the CS with $1,800, recording devices, and a digital scale. The CS then picked up Walker and drove to the agreed-upon meeting spot at 904 North Fourth Street in Champaign, Illinois. They arrived around 11:12 a.m. Once Jackson arrived, Walker got out of the CS's car and into Jackson's car. After about five minutes, Walker returned to the CS's car and handed the CS one bag of crack cocaine. The CS weighed the bag and realized it was "short"—the bag weighed less than the agreed-upon 35 grams, coming in at 24.92 grams. The CS then asked Walker, "It should have a quarter in it, too, right? An ounce and a quarter?" Walker replied, "Give me the money and I'll go ask him." The CS refused, gave the bag back to Walker, and told her to take it back to Jackson and to ask him "if it was short of a quarter." When Walker returned, she told the CS, "Here is what we are going to do. Give me fifteen [i.e., $1,500] … and then he'll go get the rest … ." The CS agreed and pulled his vehicle alongside Jackson's. Walker took the $1,500 and walked over to Jackson's vehicle. Jackson then spoke directly to the CS, promising that it would be "like 20 minutes" to pick up the crack cocaine and that he would "be right there and back." Jackson drove away (by this time, it was 11:22 a.m.) and headed toward Rantoul, Illinois, a town about 16 miles from Champaign. Jackson and Walker also left the 904 North Fourth Street location.

As Jackson traveled to Rantoul, he spoke often with Walker, providing updates on where he was and when he would return. Jackson initially instructed Walker to meet him at the 904 North Fourth Street location. At some point, however, Jackson changed the meeting location to 1501 North

Lincoln Avenue in Urbana, Illinois. The North Lincoln Avenue location was about one mile from the 904 North Fourth Street location.

Walker remained with the CS throughout the time Jackson traveled to pick up the crack cocaine in Rantoul, and Walker and the CS drove together to meet Jackson at the 1501 North Lincoln Avenue location. While Jackson was away, the CS eventually grew annoyed by how long Jackson took to retrieve the crack cocaine. At some point, the CS asked Walker to cancel the deal. She refused.

At about 12:17 p.m., Jackson arrived at the 1501 North Lincoln Avenue location. Walker and the CS were already in the parking lot. The CS handed Walker the remaining $300, and Walker exited the car. She then walked over to Jackson's car, handed him the cash, and he handed Walker another bag of crack cocaine. When Walker returned to the CS's car, the CS weighed the crack cocaine; this bag came in at 6.28 grams. In total, the two sales amounted to 31.2 grams of crack cocaine. Jackson drove away, and the CS drove Walker to a nearby residence.

## B

A grand jury indicted Jackson on one count of "knowingly and intentionally distribut[ing] 28 grams or more of cocaine base ('crack') … [i]n violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii)." R. 9. Jackson proceeded to trial. In opening statements, Jackson admitted that he sold crack cocaine to the CS on August 15, 2019. He then introduced his theory of the case:

> [T]he government has charged Jyshawn Jackson
> with one count – one distribution – of 28 or more

> grams of crack cocaine. But that is not what hap-
> pened in this case. There were two transactions,
> one in the morning and one in the afternoon;
> and neither of them reached that threshold
> amount of 28 grams of crack cocaine.

R. 80 at 23.The government did not object during Jackson's opening statement, but later that evening moved in limine to exclude Jackson's argument as duplicitous under Federal Rule of Criminal Procedure 12(b)(3)(B)(i).[1] Jackson responded in opposition, parroting the argument he now makes on appeal that he "committed two separate acts of distribution on August 15, 2019," and that "only the facts as brought forth at trial could vindicate" him. R. 43 at 5. The following morning, the court initially granted the government's motion, but upon reconsideration, denied it.[2]

At the close of the government's evidence, Jackson moved for acquittal under Federal Rule of Criminal Procedure 29. Jackson reiterated his opening remarks, arguing that "the evidence here shows, based on what the case law says is a single versus a double transaction, that two transactions occurred,"

---

[1] In relevant part, Rule 12(b)(3)(B)(i) states: "The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: … joining two or more offenses in the same count (duplicity)."

[2] In denying the motion, the district judge stated: "I have reconsidered, and I'm going to change my ruling. I think ultimately it is a jury question of fact. I feel very uncomfortable with the fact that it wasn't brought to the Court's attention before trial; but taking everything into account and the arguments that I've heard, I now believe my initial decision is wrong, so I'm going to change it. So, that's it." R. 82 at 22.

and emphasizing that the "case law is very clear on [that] point." R. 83 at 57. After a brief exchange with defense counsel, the district court denied the motion.[3]

In closing arguments, Jackson again admitted that he sold crack cocaine to the CS on August 15, 2019. Jackson then turned back to the theory he debuted in opening:

> There was one transaction. Then there was a gap. And then there was a second transaction. … This isn't hiding. This is the law. And it's your duty as jurors to follow it. … Find Jyshawn Jackson guilty of distributing crack cocaine in two separate transactions, neither of which reached the threshold of 28 grams.

R. 82 at 92–93.

The jury found Jackson guilty of distributing crack cocaine and that he was responsible for more than 28 grams. See R. 48 (verdict form). On the verdict form, the jury was instructed to mark whether it found Jackson guilty or not guilty "of the

---

[3] The exchange, in full:

> THE COURT: So if this goes forward, there'd be--the jury would decide first the question of guilt and then go on to decide the separate issue of the amount, correct?
>
> MR. DRYSDALE: That is correct, Judge.
>
> THE COURT: So is your motion directed to the basic finding of guilty or to the amount?
>
> MR. DRYSDALE: It's directed towards the amount, Your Honor.
>
> THECOURT: Okay, thank you. The motion is denied.

R. 82 at 59.

offense of distribution of cocaine base ('crack cocaine') as charged in Count 1 of the Indictment." *Id.* The jury wrote "Guilty" in the space provided. The district court then instructed the jury that, if it found Jackson guilty of that count, it must also answer the following question: "Did the government prove beyond a reasonable doubt that the quantity of cocaine base involved in the offense was 28 grams or more of mixtures or substances containing a detectable amount of cocaine base?" *Id.* The jury was given the option of answering "Yes" or "No." The jury wrote "Yes" in the space provided. Jackson did not make any objection to the verdict form.

Several days after the trial, Jackson renewed his Rule 29 motion. He made two principal arguments: (1) the government did not meet its evidentiary burden to show Jackson distributed 28 grams or more of crack cocaine in one transaction; and (2) the government failed to ask for a lesser-included offense instruction, the remedy for which should be acquittal or an amended judgment under Federal Rule of Criminal Procedure 31(c).[4] After hearing argument from Jackson and the government and discussing the details of the drug sale with both parties, the district court denied Jackson's motion from the bench. The court reasoned that the drug deal on August 15 was "one transaction" based on: (1) Jackson deciding to structure the deal as one sale to the CS for 35 grams of crack cocaine; (2) Walker staying with the CS while Jackson picked up more crack cocaine; and (3) Jackson and Walker "maintain[ing] contact by text and by way of conversation" while

---

[4] Rule 31(c)(1) provides, in relevant part, that "[a] defendant may be found guilty of any of the following: (1) an offense necessarily included in offense charged … ."

Jackson retrieved the crack cocaine. The court concluded that the "jury properly found" the same. R. 85 at 13–14.

At sentencing, Jackson admitted that his trial strategy was to "win a Rule 29 motion" because he believed the "government mischarged the case" as involving one distribution of 28 grams or more of crack cocaine. R. 84 at 11. The district court imposed a 120-month term of imprisonment, the statutory minimum under 21 U.S.C. § 841(b)(1)(B).[5]

## II

Jackson first challenges the district court's denial of his Rule 29 motion. He largely reprises his argument to the district court, asserting that his sale of crack cocaine to the CS on August 15, 2019, occurred in two distinct transactions, each totaling less than 28 grams. Jackson admits that the government could have charged him with two § 841(a)(1) and (b)(1)(C) counts. But because the government charged only one count of distributing crack cocaine totaling 28 grams or more under § 841(a)(1) and (b)(1)(B), it failed to meet its burden to introduce evidence sufficient to satisfy each element of the charged crime.

## A

Before reaching the merits of Jackson's argument, we address the government's position that Jackson's argument described above is, in fact, a duplicity argument and, because Jackson strategically chose not to raise the argument before

---

[5] At the time of Jackson's offense, § 841(b)(1)(B)(iii) imposed a mandatory minimum term of imprisonment of 10 years for a violation of § 841(a)(1) involving 28 grams or more of crack cocaine when the defendant was previously convicted of a serious violent felony. The parties stipulated that Jackson had one prior conviction for a serious violent felony.

trial as required under Federal Rule of Criminal Procedure 12(b)(3)(B)(i), he cannot rely upon it now. We agree with the government that if Jackson were to rely on a duplicity argument on appeal, that argument would have been waived.

A charged count is "duplicitous if it charges two or more distinct offenses within the count." *United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020) (quotation omitted). When faced with a duplicity challenge, the court must first determine what Congress established as the unit of prosecution for the statute at issue. See 1A CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 143 (5th ed. 2021); *Bell v. United States*, 349 U.S. 81, 81 (1955). To do so, courts look to the text of the statute. See *United States v. Grayson Enters., Inc.*, 950 F.3d 386, 403 (7th Cir. 2020). Of course, any statutory interpretation problem presents a legal question. See, *e.g.*, *United States v. Burkos*, 543 F.3d 392, 396 (7th Cir. 2008). So Jackson's argument, as framed by the government, presented a legal question for the court, not a question of fact for the jury.

Federal Rule of Criminal Procedure 12(b)(3)(B)(i) provides that the defense must raise a duplicity argument "by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." If the defendant fails to make such a motion before trial, as here, it is "untimely." FED. R. CRIM. P. 12(c)(1), (3). Even if untimely, however, "a court may consider the defense, objection, or request if the party shows good cause." *Id.*; see *United States v. Boliaux*, 915 F.3d 493, 496 (7th Cir. 2019). Normally we review a district court's good-cause determination for abuse of discretion. See *United States v. McMillian*, 786 F.3d 630, 636 (7th Cir. 2015). But where, as here, a good-cause

determination was not made due to defendant's failure to make a duplicity argument, "we ask whether the district court would have abused its discretion had it denied a request to present an untimely motion." *Id.* at 636 n.4. The district court does not abuse its discretion when the defendant cannot "articulate[] any rationale that would support a good-cause determination." *Id.*; see *Boliaux*, 915 F.3d at 496.

Jackson does not suggest that he lacked the information necessary to make a duplicity argument before trial, which would ordinarily preclude a finding of good cause. The basis upon which Jackson's argument hinges (the indictment) was filed two months before trial, providing him ample time to advance the argument he raised in opening statements. A defendant that denies he is making an argument leaves no room for later attempts to justify his timing in raising it. We also note that Jackson's reasons for not raising his argument until trial sound in strategy—he admitted to the district court that he waited to raise his argument until after trial began in hopes of acquittal under Rule 29. But that strategy, "deferring matters until it was too late for the prosecutor either to amend the indictment or appeal from an adverse decision," is precisely the harm Rule 12 was "designed to block." *Boliaux*, 915 F.3d at 496. Accordingly, the district court would not have abused its discretion had it denied an untimely request from Jackson to make a duplicity argument. Thus, the government is correct that Jackson cannot pursue a duplicity argument on appeal.

B

But Jackson insists that he is not making a duplicity argument. Rather, he challenges only the sufficiency of the government's evidence to prove he distributed more than the 28

grams of crack cocaine. If the government failed to meet its burden on drug quantity, Jackson contends that § 841(b)(1)(B)(iii)'s mandatory minimums could not apply.

Under Federal Rule of Criminal Procedure 29(a), "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." We review a district court's denial of a Rule 29 motion de novo, viewing the evidence in a light most favorable to the government. See, *e.g.*, *United States v. Ingram*, 947 F.3d 1021, 1024 (7th Cir. 2020); *United States v. Friedman*, 971 F.3d 700, 712 (7th Cir. 2020). Our de novo analysis is limited, however, to "the 'legal' question whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quotation omitted); see *Ingram*, 947 F.3d at 1024. Accordingly, we overturn a district court's Rule 29 denial only if "no rational trier of fact could have found the defendant guilty," *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2020), a burden for defendants that we have described as "nearly insurmountable." *United States v. Garcia*, 580 F.3d 528, 535 (7th Cir. 2009) (quotation omitted).

Jackson's argument is, ultimately, frivolous. The district court properly instructed the jury that, to convict Jackson under § 841(a)(1), the government must prove that he knowingly distributed crack cocaine, and that Jackson knew that it was some kind of controlled substance.[6] Jackson admitted both

---

[6] Jackson did not object to the jury instructions. The district court erroneously instructed the jury—in no small part because the parties provided the agreed-upon instruction—that a distribution offense under § 841(a)(1) is a continuing offense. It is not. See *United States v. Rowe*, 919 F.3d 752,

elements, first throughout the trial's proceedings and now on appeal. The verdict form asked not only whether he was guilty of the § 841(a)(1) offense but also whether "the quantity of cocaine base involved in the offense [i.e., distribution of crack cocaine on August 15] was 28 grams or more." R. 48. Again, Jackson admitted as much. No one questions whether he passed 31 grams of crack cocaine to the CS on August 15. So the only answer the jury could have given to the verdict form's special interrogatory was "Yes." By Jackson's own admissions, then, the evidence at trial was more than sufficient to sustain his conviction.

C

Jackson next proposes that, if the district court had granted his Rule 29 motion, the government then would have been required to move to amend the indictment under Federal Rule of Criminal Procedure 31(c) and request an instruction "on the amended § 841(b)(1)(C) count." He also notes that the government did not ask for a lesser-included-offense instruction concerning drug weight thresholds under § 841(b)(1)(C), an error that Jackson suggests requires either

---

756–59 (3d Cir. 2019) (collecting cases). But Jackson did not object to that instruction at trial and does not raise the issue on appeal, so we need not address it. We note, however, that possession with intent to distribute under § 841(a)(1) *is* a continuing offense. See *United States v. Muhammed*, 502 F.3d 646, 653 (7th Cir. 2007). Had Jackson made a duplicity argument pretrial, it is likely the government would have superseded its original indictment to charge him with possession with intent to distribute 28 grams or more of crack cocaine. But with that change in the charging document, Jackson's argument (that two distributions occurred, instead of one) would have vanished. It appears that Jackson made a strategic decision to couch his argument as a sufficiency challenge rather than address duplicity. But that argument fails.

acquittal under Rule 29 or remand to the district court for entry of judgment of conviction under § 841(b)(1)(C).

Jackson's first argument is easily dispatched. It is premised upon a counter-factual—the district court's hypothetical grant of his Rule 29 motion—without which the remainder of the argument makes little sense.

His second argument, too, lacks merit. As a preliminary matter, Jackson attempts to foist a new requirement on the government, namely that it must request lesser-included-offense instructions in circumstances like those presented here. But Jackson only offers policy arguments in support, and we have found no legal basis for such a rule. Accordingly, we decline his invitation to create that novel requirement. Even so, and assuming without deciding that § 841(b)(1)(C) is the lesser-included offense of § 841(b)(1)(B), the jury was permitted to find a lesser drug quantity. It did not. The verdict form first asked whether the jury found beyond a reasonable doubt that Jackson distributed crack cocaine. Only if the jury answered that question "Yes" was it instructed to move to a second question, asking whether the drug quantity Jackson distributed was over 28 grams. As instructed, the jury could have answered the first question "Yes" and the second question "No," finding the government did not meet its burden as to the 28-gram drug weight.

We AFFIRM Jackson's conviction and sentence.