NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### for the Seventh Circuit
### Chicago, Illinois 60604

Argued November 9, 2020
Decided July 15, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 19-2672, 19-2673 & 19-2678

|  |  |
|---|---|
| TYRONE FRANCIES, BAXTER STREETS, and GERALD MEACHUM, *Petitioners-Appellants*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | Nos. 16-cv-5531, 16-cv-7459 & 16-cv-7460 |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Charles R. Norgle, *Judge*. |

**O R D E R**

More than 20 years ago, Tyrone Francies, Baxter Streets, and Gerald Meachum—all former Chicago police officers—engaged in a criminal scheme in which they robbed drug dealers of cash and drugs at gunpoint. Their scheme was uncovered in a sting operation, and the three men were charged with multiple crimes, including two counts of using and carrying a firearm during and in relation to a crime of violence in violation

of 18 U.S.C. § 924(c). One of the § 924(c) counts—Count Six—was predicated on an attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (committed on November 15, 1996) as charged in Count Three. As an alternative predicate crime of violence, Count Six also listed conspiracy to violate civil rights in violation of 18 U.S.C. § 241 as charged in Count Five. The other § 924(c) count—Count Seven—was predicated on an attempted Hobbs Act robbery (committed on December 4, 1996) as charged in Count Four. A jury convicted the defendants on both § 924(c) counts and several others, and the district court sentenced them to lengthy prison terms.

The convictions and sentences were affirmed on direct appeal, and the defendants unsuccessfully sought postconviction relief under 28 U.S.C. § 2255. Much later we authorized them to file successive § 2255 motions challenging their § 924(c) convictions in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the so-called "residual clause" in the Armed Career Criminal Act's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Their proposed theory for collateral relief was that the residual clause in the "crime of violence" definition, § 924(c)(3)(B), is likewise unconstitutionally vague. By the time the district judge addressed the new § 2255 motions, the Supreme Court had credited that theory, holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the residual clause in § 924(c)(3)(B) is unconstitutionally vague.

The judge nonetheless denied relief. He concluded that any error was harmless because attempted Hobbs Act robbery is properly classified as a crime of violence under § 924(c)(3)(A), the so-called "elements clause" of the definition. So even if the civil-rights conspiracy dropped out as a predicate under the now-invalid residual clause, the judge ruled that the defendants' § 924(c) convictions remained valid. We granted a certificate of appealability.

In the meantime, we held that attempted Hobbs Act robbery is a crime of violence under the elements clause of the crime-of-violence definition. *United States v. Ingram*, 947 F.3d 1021 (7th Cir. 2020). Briefing and oral argument followed, and we later granted the defendants' request to expand the certificate of appealability in light of the Fourth Circuit's decision in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), which disagreed with our decision in *Ingram*. We ordered supplemental briefing on that subject.

After the parties filed their supplemental briefs, the Supreme Court granted certiorari in *Taylor* to resolve the circuit split on whether attempted Hobbs Act robbery

qualifies as a crime of violence under the elements clause, § 924(c)(3)(A). On June 21, 2022, the Supreme Court issued its decision in *Taylor*, holding that Hobbs Act robbery is *not* a crime of violence under the elements clause. *United States v. Taylor*, 142 S. Ct. 2015 (2022). We directed the parties to file position statements regarding the effect of *Taylor* on this case.

The government concedes that in light of *Taylor*, the defendants' § 924(c) convictions cannot stand. The parties agree on the proper remedy and now ask us to reverse the judgments and remand the case for the purpose of vacating the defendants' convictions on Counts Six and Seven and for the imposition of new sentences. Accordingly, we REVERSE the judgments and REMAND the case with instructions to vacate the convictions on Count Six and Seven and resentence the defendants. The judge may, in his discretion, revisit and restructure the overall sentencing package on the remaining counts. *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) ("Sentences for multiple offenses are generally treated as 'packages,' so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand.").