23-7120
Naranjo-Saquisili v. Bondi

BIA
Ling, IJ
A220 235 357/358/359

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

BLANCA JOSEFINA NARANJO-
SAQUISILI, J. A. Q.-N., C. J. Q.-N.,*
> *Petitioners,*

> v.                                                        **23-7120**
>                                                            **NAC**

_____

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,**
   *Respondent.*

_____

FOR PETITIONERS:   Reuben S. Kerben, Kerben Law Firm, P.C.,
           Kew Gardens, NY.

FOR RESPONDENT:   Brian M. Boynton, Principal Deputy Assistant
           Attorney General; Craig A. Newell, Jr., Senior
           Litigation Counsel; Duncan T. Fulton, Trial
           Attorney, Office of Immigration Litigation,
           United States Department of Justice,
           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Blanca Josefina Naranjo-Saquisili and her minor children, natives and citizens of Ecuador, seek review of an August 15, 2023 decision of the BIA affirming a July 8, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Naranjo-Saquisili, et al.*, Nos. A220 235 357/358/359 (B.I.A. Aug. 15, 2023), *aff'g* Nos. A220 235 357/358/359 (Immigr. Ct. N.Y.C. July 8, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo*, including whether a proposed particular social group is cognizable. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). As part of our review, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to show either past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting

3

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). As the government argues, immutability and particularity are not at issue because the agency did not address or rely on those factors. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that review is limited to reasons given by the agency), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 422–23 (2023). And we find no error in the agency's conclusion that Naranjo-Saquisili did not establish that her proposed social groups were "socially distinct." *Paloka*, 762 F.3d at 196 (internal quotation marks omitted).

"A particular social group is comprised of individuals who possess some fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor—or in the eyes of the outside world in general." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (internal quotation marks omitted). For example, in *Hernandez-Chacon*, we found that the proposed social group of "El Salvadoran women who have rejected the sexual advances of a gang member" was not cognizable because there was generalized country conditions evidence of "widespread violence," but not evidence that society perceived women who rejected gang members' sexual advances as distinct from other people at risk of gang violence. *Id.* at 102. Similarly here, Naranjo-Saquisili did not meet her

4

burden to demonstrate that her and her sons' proposed particular social groups—

"Ecuadorian Families Opposed to Gangs" and "Male Students Who Expressly

Oppose Gang Violence"—are cognizable. The country conditions evidence

presented in this case shows high levels of gang activity and violence, but does not

show that society perceives families or male students who resist gangs as distinct

groups or different from other victims of gangs. *See id.*; *see also Paloka*, 762 F.3d at

196 ("Persecutory conduct aimed at a social group cannot alone define the group,

which must exist independently of the persecution." (internal quotation marks

omitted)).

The failure to establish a cognizable particular social group is dispositive of

asylum and withholding of removal. *See Paloka*, 762 F.3d at 196–97 (requiring

applicant to establish both a cognizable group and a nexus between that group

and the harm suffered or feared); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Accordingly, we do not reach the agency's other bases for denying these forms of

relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and

agencies are not required to make findings on issues the decision of which is

unnecessary to the results they reach."). Naranjo-Saquisili has abandoned her

CAT claim because she does not address it in her brief. *See Debique v. Garland*, 58

5

F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court